UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTON LEE BELDON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No: 1:17-cv-673-SEB-MJD |
| SUPERINTENDENT, Wabash Valley Correctional Facility, | ) ) ) ) |
| Respondent. | ) ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Once convicted and after exhaustion or waiver of any right to appeal, a defendant is presumed to stand "fairly and finally convicted." *United States v. Frady,* 456 U.S. 152, 164 (1982). For the reasons explained in this Entry, the effort of Weston Beldon to show otherwise with respect to his Morgan County convictions fails. His petition for a writ of habeas corpus will therefore be **denied.** In addition, the Court finds that a certificate of appealability should not issue. These conclusions rest on the following facts and circumstances:

1. Beldon pled guilty to arson in a Morgan County court on September 13, 2013. He was sentenced to a term of 30 years. On November 15, 2016, the sentence was modified to 20 years.

2. Beldon filed a motion to correct erroneous sentence on January 20, 2017. That motion was denied on January 26, 2017. No appeal was filed from that ruling, although a motion to correct errors was filed and denied. Thus, the last activity pertaining to the motion to correct erroneous sentence was the trial court's denial of his motion to correct errors.

3. Applying the prison mailbox rule, this action was then filed on February 27, 2017. Beldon's claim is that the trial court failed to comply with Indiana law by failing to list his earned good time in the Abstract of Judgment. *See Robinson v. State*, 805 N.E.2d 783 (Ind. 2004).

4. A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). Accordingly, "when examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

5. "[T]he burden is on the petitioner to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992).

6. "Procedural default is a defense to federal habeas corpus review." *Oaks v. Pfister*, No. 15-2924, 2017 WL 2991742, at *2 (7th Cir. July 14, 2017)(citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). A petitioner's claim can be procedurally defaulted if he fails to assert that claim throughout at least one complete round of state-court review. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That is the nature of Beldon's procedural default in the present case. Specifically, he did not file an appeal from the denial of his motion to correct erroneous sentence. His failure to do so deprived the Indiana Supreme Court of the opportunity to adjudicate the validity of any federal claim asserted in that motion. *See Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

7. Beldon fails to meet the burden that he have properly preserved for federal habeas review what has become his habeas claim and now offers no persuasive reason whereby the Court could reach the merits of his habeas claims despite his procedural default. Beldon's habeas claim is therefore barred by the doctrine of procedural default.

8. Judgment consistent with this Entry shall now issue.

## II.

Beldon has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 8/23/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WESTON LEE BELDON
242698
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov